UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNDSIE SLAVIN, | CASE NO. C25-2394JLR |
| Plaintiff, | ORDER |
| v. | |
| COMFRT LLC, | |
| Defendant. | |

Plaintiff Lyndsie Slavin raises claims against Defendant Comfrt LLC for violations of Washington's Commercial Electronic Mail Act ("CEMA"), ch. 19.190 RCW, and the Washington Consumer Protection Act ("CPA"), ch. 19.86 RCW. (*See* Compl. (Dkt. # 1) ¶¶ 41-69.) For the reasons set forth below, the court ORDERS the parties to show cause why this case should not be stayed pending the resolution of the appeal in *Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026).

"[W]hether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge*

ORDER - 1

*& Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation omitted, cleaned up).  To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted).  A court in the Eastern District of Washington has held that a plaintiff in a similar CEMA/CPA action lacked Article III standing because she failed to allege a concrete harm.  *See Montes v. Catalyst Brands LLC*, No. 2:25-cv-0281-TOR, 2025 WL 3485827, *2-3 (E.D. Wash. Dec. 4, 2025).  Briefing in the appeal of that decision is ongoing.  *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026).  At least one court in this District has ordered the parties in a CEMA/CPA case to show cause why that case should not be stayed pending the resolution of *Montes*.  *See Talley v. Everlane, Inc.*, No. C26-0007KKE, 2026 WL 1429329, at *1 (W.D. Wash. May 21, 2026).

Because the Ninth Circuit's decision in the *Montes* appeal is likely to provide guidance on the threshold jurisdictional question of standing, it is the court's view that a stay of this case may be appropriate while that appeal is pending.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings

ORDER - 2

which bear upon the case."). Therefore, the court ORDERS the parties to show cause why the court should not stay this matter pending the Ninth Circuit's resolution of the *Montes* appeal. The parties shall each file a response, limited to 1,200 words in length, by no later than **June 24, 2026**. Failure to respond to this order will be construed as consent to a stay.

Dated this 10th day of June, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3